UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION H-06-1745 |
| GARY KINDER, CORNERSTONE FINANCIAL GROUP, INC. AND GARY D. KINDER & ASSOCIATES, INC., | § § § § | |
| *Defendant.* | § § | |

### ORDER

Before the court is the plaintiff's motion to dismiss defendants' first amended original answer and counterclaim as to Gary D. Kinder & Associates, Inc. and to enter an interlocutory default judgment as to liability against Gary D. Kinder & Associates, Inc. Dkt. 41. Upon consideration of the plaintiff's motion, defendants' response, and the applicable law, the motion is DENIED for the reasons detailed below.

### I. BACKGROUND

One of the defendants in this suit, Gary D. Kinder & Associates, Inc. ("Kinder Inc."), failed to pay required franchise taxes to the State of Texas. As a result, in February 2007 the Secretary of State issued a corporate charter forfeiture pursuant to section 171.309 of the Texas Tax Code. Dkt. 41, Ex. A. In November 2007, plaintiff Guardian Life Insurance Company of America ("Guardian") filed a motion to dismiss the Kinder Inc.'s first amended original answer and counterclaim and asked for an interlocutory default judgment as to liability against the same defendant. Dkt. 41. Defendants

and plaintiff then filed a series of responses and replies in regard to this motion. Dkts. 45, 46, 47, 48, 49, & 50.

## II. ANALYSIS

**1. Motion to Dismiss Answer and Counterclaim of Gary D. Kinder &Associates, Inc.**

The Fifth Circuit has "observ[ed] that 'the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted.'" *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1357 at 598). The court does not look beyond the face of the pleadings when determining whether the plaintiff has stated a claim under FED. R. CIV. P. 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

Guardian asserts that Kinder Inc., although it may remain a legal entity, has no right to sue or defend itself in a Texas court per Texas Tax Code section 171.252(1) because it has forfeited its corporate charter. Dkt. 41 at 2; Dkt. 46 at 3. In response, Kinder Inc. states several alternate grounds why the plaintiff's motion should be denied: a sole shareholder of a corporation should have standing to recover on behalf of a corporation after a tax-forfeiture; the corporation remains a legal entity as long as there is a statutory right to reinstate the charter; and the Texas Business Corporations Act article 7.12, section A(2) provides that a corporation remains in existence for three years after dissolution, which allows survival of any claims or defenses. Dkt. 45 at 2-3.

The capacity of a corporation to sue or be sued is determined by the law under which it is organized. FED. R. CIV. P. 17(b)(2). In Texas, the secretary of state may forfeit the charter of a corporation for failure to pay franchise taxes. TEX TAX CODE § 171.309. Once the corporate privileges are forfeited under section 171, the Tax Code states that the "corporation shall be denied

the right to sue or defend in a court of this state." *Id.* § 171.252.  However, per the Texas Business Corporations Act, a dissolved corporation shall continue its existence for a period of three years for any of several reasons, including "permitting the survival of any existing claim by or against the dissolved corporation." TEX. BUS. CORP. ACT, art. 7.12 § A.

These statutes may seem at odds with one another at first glance.  But the 1993 amendments of the Texas Business Corporation Act provide clarification.  In 1993, the Texas legislature amended the Act's definition of a "dissolved corporation" to include those corporations "whose charter was forfeited pursuant to the Tax Code." *Id.* § F (1)(e).  These two statutes can now be construed consistently with one another. *In re ABZ Insurance Services, Inc.*, 245 B.R. 255, 261 (Bankr. N.D. Tex. 2000).  When a corporation forfeits its charter for failure to pay franchise taxes, the Texas Business Corporations Act then becomes controlling and the corporation continues its existence for the limited purposes described under article 7.12. *Id.*

Therefore, when Kinder Inc. forfeited its corporate charter under section 171.309 of the Texas Tax Code on February 9, 2007, the corporation was then subject to the conditions of article 7.12 of the Texas Business Corporation Act.  For a period of three years from February 9, 2009, existing claims against Kinder Inc. are actionable. Kinder Inc., added as a defendant on February 12, 2007, in the plaintiff's amended complaint, is well within the three-year period from dissolution. Dkt. 20.  The defendant is, therefore, entitled to defend itself and bring counterclaims in court.

**2. Default Judgment**

Next, Guardian asks the court to grant an interlocutory default judgment against Kinder Inc.  Because the court has determined that Kinder Inc. is a lawful party to this suit for a period of three

years from date of dissolution, it is not necessary to address the paradox of granting a default judgment based on a party's inability to be a party to sue or defend itself.

### III. CONCLUSION

Accordingly, plaintiff's motion to dismiss the answer and counterclaim of Kinder Inc. and for interlocutory default judgement is DENIED.

It is so ORDERED.

Signed at Houston, Texas on January 29, 2008.

_____
Gray H. Miller
United States District Judge